UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GANZA BYIRINGIRO,

                Petitioner,                Case No. 1:26-cv-1275

v.

                                    HON. ROBERT J. JONKER

UNKNOWN PARTY,

                Respondent.
_____/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Jail initiated this pro se action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Pet., ECF No. 1, PageID.1).  For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**

Petitioner is a native and citizen of the Democratic Republic of the Congo.  (Resp., ECF No. 4, PageID.15.)  He entered the United States in 2021, in Houston, Texas, as a refugee.  (*Id.*)  In 2022, he was arrested for four different counts related to sexual assault.  (*Id.* at PageID.16.)  On May 8, 2024, he was arrested again for sexual assault.  (*Id.*)  And in 2025, he was arrested for obstruction.  (*Id.*)

On July 1, 2025, Petitioner was ordered removed.  (*Id.*)  He did not appeal that decision, so it is now final.  (*Id.*)  Petitioner is currently being held in Calhoun County Jail while

Respondents try to arrange travel documents for him.  (*Id.* at PageID.17.)  He alleges he has been in ICE custody for 13 months.  (Pet., ECF No. 1, PageID.6.)

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to assume jurisdiction over this matter and issue a writ of habeas corpus under 28 U.S.C. § 2241 ordering Respondents to release Petitioner.  (Pet., ECF No. 1, PageID.7).  In an order entered on April 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted.  (Order, ECF No. 3.)  Respondents filed their response (ECF No. 4) on April 27, 2026.

## HABEAS CORPUS LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States."  This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001);  *see also A. A. R. P. v. Trump*, 605 U.S. 91, 94 (2025).

## DISCUSSION

The parties agree that Petitioner is subject to a final order of removal.  As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.  However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment.  In response, Respondents argue that Petitioner's continued detention for purposes of removal is authorized by *Zadvydas*.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as

the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take a person who has been ordered removed. 533 U.S. at 682. In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal." *Id.* at 699. Therefore, the Court concluded that the removal itself must be reasonably foreseeable to fall within post-removal-order detention authorized by the statute, *Id.* The Court indicated that there was no specific point in time at which the detention became constitutionally impermissible, and that the allowable period would vary from case to case. *Id.* Still, to assist the lower courts in making the difficult judgment calls about the lawfulness of detention, the Court designated six months as a "presumptively reasonable period of detention." *Id.* at 701. Even after six months , though, the Court made clear that the detention may continue unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur soon. *Id.* Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that detention of more

than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner has pointed to the fact that respondents have repeatedly tried—and failed—to obtain travel documents for Petitioner. (Pet.'s Addendum, ECF No. 1, PageID.9.) Even assuming for the sake of argument that such evidence is sufficient to allow the petitioner to satisfy his burden under *Zadvydas*, the government has responded by showing that ICE Headquarters submitted a request for travel documents to the government of the Democratic Republic of the Congo on January 26, 2026. (Anderson Decl. ¶ 15,  ECF No. 4-1, PageID.27.)  Additionally, the government has indicated that "the Democratic Republic of the Congo has been cooperative in issuing travel documents."  (*Id.* at ¶ 16, PageID.28.)  Thus, at this point in time, Petitioner is not in the state of "indefinite, perhaps permanent, detention" that the Court in *Zadvydas* said would violate the constitution.  *Zadvydas*, 533 U.S. at 699; *see also Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (holding that a detention of over two years was constitutionally permissible because the removal was likely to occur once Petitioner's appeals were concluded).

The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit.  "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701.  Courts applying this principle recognize that even where the Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention.  *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is no longer likely).

Here, however, the Court is not yet faced with that situation. An immigration official has testified that the government remains in active discussions with the government of the Democratic Republic of the Congo to coordinate Petitioner's removal. Moreover, although Petitioner has been in ICE custody for roughly ten months since his order of removal became final, such a length of time is not unreasonably long for negotiating and coordinating removal to a third country. *See Abdalla*, 2017 WL 345731, at *4 (finding continued detention reasonable where the Government anticipated progress in the near future and no country had declined repatriation). At this point, it seems to the Court that Petitioner's removal remains significantly likely in the reasonably foreseeable future. Accordingly, the petition will be denied without prejudice. Should the Government's efforts to secure removal ultimately stall or fail to bear fruit, Petitioner remains free to file a new petition asserting that continued detention is no longer reasonable.

## CONCLUSION

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:   May 13, 2026                              /s/ Robert J. Jonker
                                                   Robert J. Jonker
                                                   United States District Judge

5